UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MISCELLANEOUS CASE NO. 10-mc-10176-RGS

CONTINENTAL DATALABEL, INC.

v.

AVERY DENNISON CORPORATION

<u>ORDER ON PLAINTIFF'S MOTION TO ENFORCE SUBPOENAS AGAINST
THIRD PARTY STAPLES, INC. AND ITS EMPLOYEE WITNESSES
DAVE D'ANGELO AND STEVE LUBARSKY</u>

June 15, 2010

STEARNS, D.J.

    This discovery dispute involves litigation between competing suppliers of label assemblies used in computer printers. Continental DataLabel, Inc., brought suit against Avery Dennison Corporation (Avery) alleging patent infringement (three counts), unfair competition under the Lanham Act, and tortious interference with prospective economic advantage.[1] Continental seeks an order compelling a non-party, Staples, Inc., to produce witnesses (one pursuant to a Rule 30(b)(6) subpoena) and documents that might support its theory that potential customers (such as Staples) made adverse purchasing decisions based on Avery's assertion that only its labels have a "Pop-up Edge™" and that Continental is infringing its pending patent application for the alleged invention. Continental and Staples disagree as to the appropriate scope of the response.

    It bears mentioning that Continental is seeking to impress Staples into a battle to which it, as a non-party, is presumably indifferent. Non-parties are not immune from

---

[1] The counts for patent infringement are currently stayed.

discovery, although Rule 45 imposes some restrictions on non-party discovery practice, such as placing limits on compulsory travel to depositions and attempts to obtain by subpoena the uncompensated services of an expert. Nonetheless, "concern for the unwanted burden thrust upon non-parties [who have no dog in the fight] is a factor entitled to special weight in evaluating the balance of competing needs." Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998).[2] A party serving a subpoena on a non-party has the obligation as in any other case to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). See also Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003) (finding that the district judge "acted within his discretion in concluding that the subpoena [to a non-party] cast too wide a net.").

Staples opposes the breadth of Continental's request that the subpoenaed documents and testimony reflect "*any consideration* of Avery's Pop-up Edge™ feature and/or pending patent application in deciding whether to purchase EASY PEEL® label assemblies from Avery *or* not to purchase FASTPLY™ or FAB™ label assemblies from Continental." Pl. Mem. at 5 (emphasis in original). Staples maintains that the request "overreaches" by seeking to peep through "a window into Staples' decision making process with respect to its purchasing decisions with vendors and information about its competitor Avery's relationship to Staples." Opp. Mem. at 3. Staples represents that it "has conducted numerous searches, produced documents and offered to make its employee [Steven Lubarsky] available for a deposition." Id. at 2.

---

[2]Staples scarcely bears mention in Continental's Complaint.

2

The court agrees with Staples (relying as it must on Staples' representations)[3] that its search for documents satisfies its obligations to answer the subpoenas to the extent that they are not overbroad or overly intrusive.[4] Accordingly, the court will deny Continental's motion to enforce subpoenas against third-party Staples and its employee witnesses.

## ORDER

For the foregoing reasons, Continental's Motion to Enforce Subpoenas is <u>DENIED</u>. Staples will produce any supplemental discoverable documents within the parameters as set out in note 4, <u>supra</u>. Staples will produce Steven Lubarsky as a witness as offered. Continental will reimburse Staples for its costs as has been agreed.

SO ORDERED.

s/ Richard G. Stearns
_____

---

[3] Staples represents that it has complied with the 30(b)(6) subpoena, that David D'Angelo is not involved in Staples' purchasing decisions for the disputed products, that D'Angelo has no personal knowledge of any statements made by Staples to Avery employees relating to the products, and that it will produce Steven Lubarsky for a deposition as requested when he returns from medical leave in late June or early July.

[4] Staples proposes that the request for documents be confined to the scope of Continental's "claims" according to the following language.

> All documents and things, including electronic communications, that reflect a decision by Staples, Inc. not to purchase label assemblies from Continental based on representations made by Avery Dennison Corporation that "Only Avery® label sheets bend to expose the Pop-up Edge™," and/or "Only Avery® label sheets bend to expose the Pop-up Edge™ for fast peeling – just bend the sheet to expose the label edge."

<u>See</u> Pl. Ex. F.

UNITED STATES DISTRICT JUDGE